IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELEVEN ENGINEERING, INC. and ELEVEN ENGINEERING GAME CONTROL LLC, <br><br> Plaintiffs, <br><br> v. <br><br> NINTENDO CO., LTD., NINTENDO OF AMERICA INC., SONY CORPORATION, SONY COMPUTER ENTERTAINMENT, INC., SONY COMPUTER ENTERTAINMENT AMERICA, INC., and MICROSOFT CORPORATION, <br><br> Defendants. | Civil Action No. <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Eleven Engineering, Inc. and Eleven Engineering Game Control LLC, complain of Defendants, Nintendo Co., Ltd., Nintendo of America Inc., Sony Corporation, Sony Computer Entertainment, Inc., Sony Computer Entertainment America, Inc. and Microsoft Corporation, as follows:

### NATURE OF LAWSUIT

1.     This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. § 1338(a).

### THE PARTIES

2.     Eleven Engineering, Inc. is a Canadian corporation with a principal place of business at 10150 - 100 Street, Suite 900, Edmonton, Alberta Canada. Eleven

Engineering, Inc. is a global leader in digital wireless technologies, and supplies components, semiconductors and solutions to leading electronics companies throughout the world. As a technology company, Eleven Engineering, Inc. has invested significant resources in research and development efforts in the area of digital wireless technologies, and relies on innovation and the protections of the patent system as an integral part of its business. Eleven Engineering is a co-owner of the patent rights being asserted in this lawsuit.

3.     Eleven Engineering Game Control LLC is a Delaware Limited Liability Company having a principal place of business at 767 Third Avenue, New York, New York 10017. Eleven Engineering Game Control LLC is a co-owner of the patent rights being asserted in this lawsuit.

4.     Nintendo Co., Ltd. ("Nintendo Ltd.") is a Japanese corporation with a principal place of business at 11-1, Kamitoba hokotate-cho, Minami-ku, Kyoto, 601-8501, Japan.     Nintendo of America, Inc. ("Nintendo-America") is a Washington corporation with a principal place of business at 4820 150th Avenue N.E., Redmond, Washington 98052. Nintendo Ltd. and Nintendo-America are collectively referred to as "Nintendo."

5.     Sony Corporation ("Sony Corp.") is a Japanese corporation with a principal place of business at 1-7-1 Konan, Minato-ku, Tokyo, 108-0075, Japan. Sony Computer Entertainment Inc. ("Sony Entertainment") is a Japanese corporation with a principal place of business at 2-6-21, Minami-Aoyama, Minato-ku, Tokyo, 107-0062, Japan. Sony Computer Entertainment America, Inc. ("Sony America") is a Delaware corporation with a principal place of business at 919 East Hillsdale Blvd., Foster City,

2

California 94404. Sony Corp., Sony Entertainment and Sony America are collectively referred to as ("Sony").

6.      Microsoft Corporation ("Microsoft") is Washington corporation having a principal place of business at 1 Microsoft Way, Redmond, Washington 98052-6399.

## ELEVEN ENGINEERING WIRELESS GAME CONTROL PATENTS

7.      Eleven Engineering, Inc. and Eleven Engineering Game Control LLC (collectively "Eleven Engineering") are the co-owners of and together own all right, title and interest in and to United States Patent No. 6,238,289, ("the '289 Patent"), entitled, "Radio Frequency Game Controller," which issued on May 29, 2001 (Exhibit A). They have the exclusive right to license and enforce the '289 Patent and to collect all damages for infringement, and have standing to sue for infringement of the '289 Patent.

8.      Eleven Engineering, Inc. and Eleven Engineering Game Control LLC are the co-owners of and together own all right, title and interest in and to United States Patent No. 6,346,047, ("the '047 Patent"), entitled, "Radio Frequency Remote Game Controller," which issued on February 12, 2002 (Exhibit B). They have the exclusive right to license and enforce the '047 Patent and to collect all damages for infringement, and have standing to sue for infringement of the '047 Patent.

9.      Eleven Engineering, Inc. and Eleven Engineering Game Control LLC are the co-owners of and together own all right, title and interest in and to United States Patent No. 6,684,062 ("the '062 Patent"), entitled, "Wireless Game Control System," which issued on January 27, 2004 (Exhibit C). They have the exclusive right to license and enforce the '062 Patent and to collect damages for infringement, and have standing to sue for infringement of the '062 Patent.

3

## JURISDICTION AND VENUE

10. As further alleged below, this Court has personal jurisdiction over each defendant by virtue of its tortious acts of patent infringement which have been committed in the State of Delaware and in this judicial district, and by virtue of its transaction of business in the State of Delaware.

11. Venue is proper for each defendant in this judicial district under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

12. Sony America is a Delaware corporation and, thus, has submitted itself to the jurisdiction of this Court. Sony Corp., Sony Entertainment and Sony America (collectively "Sony") sell and offer for sale consumer and professional electronic products in this Judicial District and have sold, offered for sale, advertised and marketed the products accused of infringing the '289 and '047 Patents in this Judicial District, including without limitation, the Sony Playstation3 game systems and game controllers that are specifically designed to be used with the game systems such as the Sixaxis and DualShock game controllers. Sony has sold and offered for sale these and other products accused of infringing the '289 Patent and the '047 Patent through retailers located in this Judicial District. Sony has also offered for sale and sold the products accused of infringing the '289 Patent and the '047 Patent, as well as other products, through its Sonystyle website that is accessible to residents of Delaware. As such, Sony is doing business in this Judicial District; has purposefully availed itself of the privilege of conducting business within this Judicial District; has established sufficient minimum contacts with Delaware such that it should reasonably and fairly anticipate being hailed into court in Delaware; has purposefully directed activities at residents of

4

Delaware; and at least a portion of the patent infringement claims alleged herein arise out of or is related to one of the foregoing activities.

13. Nintendo sells and offers for sale consumer electronic products in this Judicial District and has sold, offered for sale, advertised and marketed the products accused of infringing the '289 Patent and the '047 Patent in this Judicial District, including without limitation, the Nintendo Wii game systems and game controllers that are specifically designed to be used with the game systems such as, without limitation, the Wii Remote and the Wii Balance Board. Nintendo has sold and offered for sale the products accused of infringing the '289 Patent and the '047 Patent through retailers located in this Judicial District. Nintendo has also offered for sale and sold accessory products accused of infringing the '289 Patent and the '047 Patent such as the Wii Remote and the Wii Balance Board, as well as other products and replacement parts, through its online store, store.nintendo.com, that is accessible to residents of Delaware. As such, Nintendo is doing business in this Judicial District; has purposefully availed itself of the privilege of conducting business within this Judicial District; has established sufficient minimum contacts with Delaware such that it should reasonably and fairly anticipate being hailed into court in Delaware; has purposefully directed activities at residents of Delaware; and at least a portion of the patent infringement claims alleged herein arise out of or is related to one of the foregoing activities.

14. Microsoft has previously admitted that it is subject to personal jurisdiction in this Judicial District such as in the case styled, Arendi Holding Ltd. v. Microsoft Corporation, C.A. No. 09-119-JJF, pending in the United States District Court for the District of Delaware. Microsoft sells and offers for sale consumer electronic and

software products in this Judicial District and has sold, offered for sale, advertised and marketed the products accused of infringing the asserted patents in this Judicial District, including without limitation, the Xbox 360 game systems and game controllers and other accessories that are specifically designed to be used with the game systems such as, without limitation, the Xbox 360 Wireless Controller and Xbox 360 Wireless Racing Wheel. Microsoft has sold and offered for sale the products accused of infringing the patents-in-suit through retailers located in this Judicial District. Microsoft has also offered for sale and sold the products accused of infringing the patents-in-suit, as well as other products, through its store.microsoft.com website that is accessible to residents of Delaware. As such, Microsoft is doing business in this Judicial District; has purposefully availed itself of the privilege of conducting business within this Judicial District; has established sufficient minimum contacts with Delaware such that it should reasonably and fairly anticipate being hailed into court in Delaware; has purposefully directed activities at residents of Delaware; and at least a portion of the patent infringement claims alleged herein arise out of or is related to one of the foregoing activities.

## PATENT INFRINGEMENT BY SONY

15.    Sony has infringed one or more claims of the '289 Patent and the '047 Patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of products and methods covered by the asserted claims under 35 U.S.C. § 271(a).

16.    Sony has also knowingly and intentionally induced others to infringe the '289 Patent and the '047 Patent (such as its customers, users and retailers in this judicial district and throughout the United States) by willfully and intentionally aiding,

6

assisting and encouraging their infringement within the meaning of 35 U.S.C. § 271(b). Sony has also knowingly contributed to infringement by others such as customers, users and retailers within the meaning of 35 U.S.C. § 271(c).

17. For example, Sony has directly infringed and continues to directly infringe at least claims 1, 2, 4, 6 and 10-13 of the '289 Patent under 35 U.S.C. § 271(a) through, among other things, the manufacture, sale, offer for sale and/or importation into the United States of, among other products, its Playstation3 game systems that include at least one wireless game controller. Sony has also directly infringed and continues to directly infringe at least claims 1, 2, 4, 6 and 10-13 of the '289 Patent under 35 U.S.C. § 271(a) through, among other things, the manufacture, sale, offer for sale and/or importation into the United States of, among other products, its DualShock and/or Sixaxis wireless game controllers.

18. Sony has indirectly infringed and continues to indirectly infringe at least claims 1, 2, 4, 6, and 10-13 of the '289 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Sony has had repeated business contacts and dealings with Eleven Engineering, has been familiar with Eleven Engineering's business and its patent rights and had knowledge of the '289 Patent by at least March 28, 2006. Sony has knowingly and actively induced infringement of claims 1, 2, 4, 6 and 10-13 through, among other things, the sale, offer for sale and importation into the United States of, among other products, its DualShock and/or Sixaxis wireless game controllers and Playstation3 game systems that include at least one wireless game controller, and by advertising, promoting and instructing use of such game systems and game controllers in a manner that infringes at least claims 1, 2, 4, 6 and

10-13 of the '289 Patent. The direct infringers of those claims that are being induced by Sony include, without limitation, users of, among other products of Sony, the DualShock and/or Sixaxis wireless game controllers and the Playstation3 game systems that include at least one wireless game controller as well as retailers that sell and offer for sale such products.

19.    Sony has indirectly infringed and continues to indirectly infringe at least claims 1, 2, 4, 6 and 10-13 of the '289 Patent under 35 U.S.C. § 271(c) through, among other things, the manufacture, sale, offer for sale and importation into the United States of, among other things, its DualShock and/or Sixaxis game controllers, which, at a minimum, are components of the patented game controllers of the '289 Patent, which constitute a material part of the patented game controllers of the '289 Patent, which Sony knows are especially made or adapted for use in an infringement of at least claims 1, 2, 4, 6 and 10-13 of the '289 Patent, and which are not a staple article of commerce suitable for non-infringing uses.    The direct infringers for Sony's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, the end users of the infringing game controllers of Sony, including, without limitation, the DualShock and/or Sixaxis game controllers.

20.    Sony has directly infringed and continues to directly infringe at least claims 1-3, 5-8, 10, 12 and 20 of the '047 Patent under 35 U.S.C. § 271(a) through, among other things, the manufacture, sale, offer for sale and/or importation into the United States of, among other products, its Playstation3 game systems that include at least one wireless game controller such as, without limitation, the DualShock and/or Sixaxis game controllers.

8

21. Sony has indirectly infringed and continues to indirectly infringe at least claims 1-3, 5-8, 10, 12 and 20 of the '047 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Sony has had repeated business contacts and dealings with Eleven Engineering, has been familiar with Eleven Engineering's business and its patent rights and had knowledge of the '047 Patent by at least March 28, 2006. Sony has knowingly and actively induced infringement of claims 1-3, 5-8, 10, 12 and 20 through, among other things, the sale, offer for sale and importation into the United States of, among other products, its Playstation3 game systems that include at least one wireless game controller such as, without limitation, the DualShock and/or Sixaxis game controllers, and by advertising, promoting and instructing use of such game systems and game controllers in a manner that infringes at least claims 1-3, 5-8, 10, 12 and 20 of the '047 Patent. The direct infringers of those claims that are being induced by Sony include, without limitation, users of the infringing products of Sony, including, without limitation, the Playstation3 game systems that include at least one wireless game controller as well as retailers that sell and offer for sale, among other products, the Playstation3 game systems that include at least one wireless game controller.

22. Sony has also indirectly infringed and continues to indirectly infringe at least claims 1-3, 5-8, 10, 12 and 20 of the '047 Patent under 35 U.S.C. § 271(c) through, among other things, the manufacture, sale, offer for sale and importation into the United States of, among other products, its Playstation3 game systems that include at least one wireless game controller such as, without limitation, the DualShock and/or Sixaxis game controllers, which, at a minimum, are components of the patented game

9

controller system of the '047 Patent, which constitute a material part of the patented game controller systems of the '047 Patent, which Sony knows are especially made or adapted for use in an infringement of at least claims 1-3, 5-8, 10, 12 and 20 of the '047 Patent, and which are not a staple article of commerce suitable for non-infringing uses. The direct infringers for Sony's contributory infringement under 35 U.S.C. § 271(c) include, among others, the end users of the infringing products of Sony, including, without limitation, the Playstation3 game systems that include at least one wireless game controller.

23. Sony has indirectly infringed and continues to indirectly infringe at least claims 14-19 of the '047 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Sony has had repeated business contacts and dealings with Eleven Engineering, has been familiar with Eleven Engineering's business and its patent rights and had knowledge of the "047 Patent by at least March 28, 2006. Sony has knowingly and actively induced infringement of claims 14-19 through, among other things, the sale, offer for sale and importation into the United States of, among other products, its Playstation3 game systems that include at least one wireless game controller such as, without limitation, the DualShock and/or Sixaxis game controllers, and by advertising, promoting and instructing use of such game systems and game controllers in a manner that infringes at least claims 14-19 of the '047 Patent. The direct infringers of those claims that are being induced by Sony include, among others, users of, among other infringing products of Sony, the Playstation3 game systems that include at least one wireless game controller.

10

24.     Sony has indirectly infringed and continues to indirectly infringe at least claims 14-19 of the '047 Patent under 35 U.S.C. § 271(c) through, among other things, the manufacture, sale, offer for sale and importation into the United States of, among other products, its Playstation3 game systems that include at least one wireless game controller such as, without limitation, the DualShock and/or Sixaxis game controllers, which, at a minimum, are components of the patented method of communicating between a user and an electronic game device of the '047 Patent, which constitute a material part of that patented method, which Sony knows are especially made or adapted for use in an infringement of at least claims 14-19 of the '047 Patent and which are not a staple article of commerce that are suitable for non-infringing uses. The direct infringers for Sony's contributory infringement under 35 U.S.C. § 271(c) include, among others, the end users of the infringing products of Sony, including, without limitation, the Playstation3 game systems that include at least one wireless game controller.

25.     Sony has committed acts of infringement of the '289 Patent and '047 Patent with full knowledge of these asserted patents and its applicability to its business from, among other things, its repeated business contacts and dealings with Eleven Engineering and actual notice of the asserted patents by Eleven Engineering an d without having taken adequate and necessary steps to avoid infringement of the asserted patents. Even after receiving the actual notice of the asserted patents and its applicability to its business, Sony has failed to take necessary steps to avoid infringement of the asserted patents.   Instead, Sony has continued to infringe the asserted patents in an objectively reckless manner, with complete disregard of Eleven Engineering's rights in the asserted patents, in violation of 35 U.S.C. § 284.

11

26. Sony's infringement has injured Eleven Engineering and Eleven Engineering is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

27. Eleven Engineering has complied with all applicable provisions of 35 U.S.C. § 287 regarding marking and notice.

28. Sony's infringement has injured and will continue to injure Eleven Engineering, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of Sony's infringing products, methods, services, systems and/or technologies that fall within the scope of any of the claims of the '289 Patent and the '047 Patent.

## PATENT INFRINGEMENT BY NINTENDO

29. Nintendo has infringed one or more claims of the '289 Patent and the '047 Patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of products and methods covered by the asserted claims under 35 U.S.C. § 271(a).

30. Nintendo has also knowingly and intentionally induced others to infringe the '289 Patent and the '047 Patent (such as its customers, users and retailers in this judicial district and throughout the United States) by willfully and intentionally aiding, assisting and encouraging their infringement within the meaning of 35 U.S.C. § 271(b). Nintendo has also knowingly contributed to infringement by others such as customers, users and retailers within the meaning of 35 U.S.C. § 271(c).

31. For example, Nintendo has directly infringed and continues to directly infringe at least claims 1, 2, 4, 6 and 10-13 of the '289 Patent under 35 U.S.C. § 271(a)

through, among other things, the manufacture, sale, offer for sale and/or importation into the United States of, among other products, its Wii game systems that include at least one wireless game controller such as, without limitation, the Wii Remote and/or the Wii Balance Board.   Nintendo has also directly infringed and continues to directly infringe at least claims 1, 2, 4, 6 and 10-13 of the '289 Patent under 35 U.S.C. § 271(a) through, among other things, the manufacture, sale, offer for sale and/or importation into the United States of, among other products, its wireless game controllers such as Wii Remote and the Wii Balance Board.

32.    Nintendo has indirectly infringed and continues to indirectly infringe at least claims 1, 2, 4, 6, and 10-13 of the '289 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims.  Nintendo has had business contacts and dealings with Eleven Engineering, including meetings in Japan, has been familiar with Eleven Engineering's business and its patent rights, and had knowledge of the '289 Patent through, among other things, actual notice of infringement on or about November 13, 2009. Nintendo has knowingly and actively induced infringement of claims 1, 2, 4, 6 and 10-13 through, among other things, the sale, offer for sale and importation into the United States of, among other products, its game controllers, such as the Wii Remote and/or Wii Balance Board, and its Wii game systems that include at least one wireless game controller such as the Wii Remote and/or the Wii Balance Board, and by advertising, promoting and instructing use of such game systems and game controllers in a manner that infringes at least claims 1, 2, 4, 6 and 10-13 of the '289 Patent. The direct infringers of those claims that are being induced by Nintendo include, without limitation, users of, among other products of Nintendo, its game controllers such as the

Wii Remote and/or Wii Balance Board and the Wii game systems that include at least one wireless game controller such as, without limitation, the Wii Remote and/or the Wii Balance Board as well as retailers that sell and offer for sale such products.

33.   Nintendo has indirectly infringed and continues to indirectly infringe at least claims 1, 2, 4, 6 and 10-13 of the '289 Patent under 35 U.S.C. § 271(c) through, among other things, the manufacture, sale, offer for sale and importation into the United States of, among other things, its game controllers such as the Wii Remote and/or Wii Balance Board, which, at a minimum, are components of the patented game controllers of the '289 Patent, which constitute a material part of the patented game controllers of the '289 Patent, which Nintendo knows are especially made or adapted for use in an infringement of at least claims 1, 2, 4, 6 and 10-13 of the '289 Patent, and which are not a staple article of commerce suitable for non-infringing uses.  The direct infringers for Nintendo's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, the end users of the infringing game controllers of Nintendo.

34.   Nintendo has directly infringed and continues to directly infringe at least claims 1-3, 5-8, 10, 12 and 20 of the '047 Patent under 35 U.S.C. § 271(a) through, among other things, the manufacture, sale, offer for sale and/or importation into the United States of, among other products, its Wii game systems that include at least one wireless game controller such as, without limitation, the Wii Remote and/or the Wii Balance Board.

35.   Nintendo has indirectly infringed and continues to indirectly infringe at least claims 1-3, 5-8, 10, 12 and 20 of the '047 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims.  Nintendo has had business contacts

14

and dealings with Eleven Engineering, including meetings in Japan, has been familiar with Eleven Engineering's business and its patent rights, and had knowledge of the '047 Patent through, among other things, actual notice of infringement on or about November 13, 2009. Nintendo has knowingly and actively induced infringement of claims 1-3, 5-8, 10, 12 and 20 through, among other things, the sale, offer for sale and importation into the United States of, among other products, its Wii game systems that include at least one wireless game controller such as, without limitation, the Wii Remote and/or the Wii Balance Board, and by advertising, promoting and instructing use of such game systems and game controllers in a manner that infringes at least claims 1-3, 5-8, 10, 12 and 20 of the '047 Patent. The direct infringers of those claims that are being induced by Nintendo include, without limitation, users of the infringing products of Nintendo, including, without limitation, the Wii game systems that include at least one wireless game controller as well as retailers that sell and offer for sale, among other products, the Wii game systems that include at least one wireless game controller.

36. Nintendo has also indirectly infringed and continues to indirectly infringe at least claims 1-3, 5-8, 10, 12 and 20 of the '047 Patent under 35 U.S.C. § 271(c) through, among other things, the manufacture, sale, offer for sale and importation into the United States of, among other products, its Wii game systems that include at least one wireless game controller such as the Wii Remote and/or the Wii Balance Board, which, at a minimum, are components of the patented game controller systems of the '047 Patent, which constitute a material part of the patented game controller systems of the '047 Patent, which Nintendo knows are especially made or adapted for use in an infringement of at least claims 1-3, 5-8, 10, 12 and 20 of the '047 Patent, and which are

not a staple article of commerce suitable for non-infringing uses. The direct infringers for Nintendo's contributory infringement under 35 U.S.C. § 271(c) include, among others, the end users of the infringing products of Nintendo, including, without limitation, the Wii game systems that include at least one wireless game controller which uses the game systems.

37.    Nintendo has indirectly infringed and continues to indirectly infringe at least claims 14-19 of the '047 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims.  Nintendo has had business contacts and dealings with Eleven Engineering, including meetings in Japan, has been familiar with Eleven Engineering's business and its patent rights and had knowledge of the '047 Patent through, among other things, actual notice of infringement on or about November 13, 2009. Nintendo has knowingly and actively induced infringement of claims 14-19 of the '047 Patent through, among other things, the sale, offer for sale and importation into the United States of, among other products, its Wii game systems that include at least one wireless game controller such as the Wii Remote and/or the Wii Balance Board, and by advertising, promoting and instructing use of such game systems and game controllers in a manner that infringes at least claims 14-19 of the '047 Patent. The direct infringers of those claims that are being induced by Nintendo include, among others, users of, among other infringing products of Nintendo, the Wii game systems that include at least one wireless game controller such as the Wii Remote and/or the Wii Balance Board.

38.    Nintendo has indirectly infringed and continues to indirectly infringe at least claims 14-19 of the '047 Patent under 35 U.S.C. § 271(c) through, among other things,

the manufacture, sale, offer for sale and importation into the United States of, among other products, its Wii game systems that include at least one wireless game controller such as the Wii Remote and/or the Wii Balance Board, which, at a minimum, are components of the patented method of communicating between a user and an electronic game device of the '047 Patent, which constitute a material part of that patented method, which Nintendo knows are especially made or adapted for use in an infringement of at least claims 14-19 of the '047 Patent and which are not a staple article of commerce that are suitable for non-infringing uses. The direct infringers for Nintendo's contributory infringement under 35 U.S.C. § 271(c) include, among others, the end users of the infringing products of Nintendo, including, without limitation, the Wii game systems that include at least one such wireless game controller.

39. Nintendo has committed acts of infringement of the '289 Patent and '047 Patent with full knowledge of these asserted patents and its applicability to its business and without having taken adequate and necessary steps to avoid infringement of the asserted patents. Even after receiving the actual notice of the asserted patents and its applicability to its business, Nintendo has failed to take necessary steps to avoid infringement of the asserted patents. Instead, Nintendo has continued to infringe the asserted patents in an objectively reckless manner, with complete disregard of Eleven Engineering's rights in the asserted patents, in violation of 35 U.S.C. § 284.

40. Nintendo's infringement has injured Eleven Engineering and Eleven Engineering is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

41.    Eleven Engineering has complied with all applicable provisions of 35 U.S.C. § 287 regarding marking and notice.

42.    Nintendo's infringement has injured and will continue to injure Eleven Engineering, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of Nintendo's infringing products, methods, services, systems and/or technologies that fall within the scope of any of the claims of the '289 Patent and the '047 Patent.

## PATENT INFRINGEMENT BY MICROSOFT

43.    Microsoft has infringed one or more claims of the '289 Patent, the '047 Patent and the '062 Patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of products and methods covered by the asserted claims under 35 U.S.C. § 271(a).

44.    Microsoft has also knowingly and intentionally induced others to infringe the '289 Patent, the '047 Patent and the '062 Patent (such as its customers, users and retailers in this judicial district and throughout the United States) by willfully and intentionally aiding, assisting and encouraging their infringement within the meaning of 35 U.S.C. § 271(b). Microsoft has also knowingly contributed to infringement by others such as customers, users and retailers within the meaning of 35 U.S.C. § 271(c).

45.    For example, Microsoft has directly infringed and continues to directly infringe at least claims 1, 2, 4, 6 and 10-13 of the '289 Patent under 35 U.S.C. § 271(a) through, among other things, the manufacture, sale, offer for sale and/or importation into the United States of, among other products, its XBox 360 game systems that include at least one wireless game controller such as the Xbox 360 Wireless Controller

and/or the Xbox 360 Wireless Racing Wheel. Microsoft has also directly infringed and continues to directly infringe at least claims 1, 2, 4, 6 and 10-13 of the '289 Patent under 35 U.S.C. § 271(a) through, among other things, the manufacture, sale, offer for sale and/or importation into the United States of, among other products, its wireless game controller products such as the Xbox 360 Wireless Controller and/or the Xbox 360 Wireless Racing Wheel.

46. Microsoft has indirectly infringed and continue to indirectly infringe at least claims 1, 2, 4, 6, and 10-13 of the '289 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Microsoft has had business contacts and dealings with Eleven Engineering, has been familiar with Eleven Engineering's business and its patent rights and had knowledge of the '289 Patent by at least March 31, 2006 and through its analysis of the '289 Patent by one or more of its patent attorneys during the first week of April 2006. Microsoft has knowingly and actively induced infringement of claims 1, 2, 4, 6 and 10-13 through, among other things, the sale, offer for sale and importation into the United States of, among other products, its Xbox 360 Wireless Controller and the Xbox 360 Wireless Racing Wheel products and the XBox 360 game systems that include at least one wireless game controller, and by advertising, promoting and instructing use of such game systems and game controllers in a manner that infringes at least claims 1, 2, 4, 6 and 10-13 of the '289 Patent. The direct infringers of those claims that are being induced by Microsoft include, without limitation, users of, among other products of Microsoft, its Xbox 360 Wireless Controller and the Xbox 360 Wireless Racing Wheel products and the XBox 360 game systems

that include at least one wireless game controller as well as retailers that sell and offer for sale such products.

47.    Microsoft has indirectly infringed and continues to indirectly infringe at least claims 1, 2, 4, 6 and 10-13 of the '289 Patent under 35 U.S.C. § 271(c) through, among other things, the manufacture, sale, offer for sale and importation into the United States of, among other things, its Xbox 360 Wireless Controller and the Xbox 360 Wireless Racing Wheel products, which, at a minimum, are components of the patented game controllers of the '289 Patent, which constitute a material part of the patented game controllers of the '289 Patent, which Microsoft knows are especially made or adapted for use in an infringement of at least claims 1, 2, 4, 6 and 10-13 of the '289 Patent, and which are not a staple article of commerce suitable for non-infringing uses.  The direct infringers for Microsoft's contributory infringement under 35 U.S.C. § 271(c) include, without limitation, the end users of the infringing wireless game controllers of Microsoft.

48.    Microsoft has directly infringed and continues to directly infringe at least claims 1-3, 5-8, 12 and 20 of the '047 Patent under 35 U.S.C. § 271(a) through, among other things, the manufacture, sale, offer for sale and/or importation into the United States of, among other products, its XBox 360 game systems that include at least one wireless game controller such as, without limitation, its Xbox 360 Wireless Controller and/or the Xbox 360 Wireless Racing Wheel products.

49.    Microsoft has indirectly infringed and continues to indirectly infringe at least claims 1-3, 5-8, 12 and 20 of the '047 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims.  Microsoft has had business contacts and dealings with Eleven Engineering, has been familiar with Eleven Engineering's

business and its patent rights and had knowledge of the '047 Patent by at least March 31, 2006 and through its analysis of the '047 Patent by one or more of its patent attorneys during the first week of April 2006. Microsoft has knowingly and actively induced infringement of claims 1-3, 5-8, 12 and 20 through, among other things, the sale, offer for sale and importation into the United States of, among other products, its XBox 360 game systems that include at least one wireless game controller such as, without limitation, its Xbox 360 Wireless Controller and/or the Xbox 360 Wireless Racing Wheel products, and by advertising, promoting and instructing use of such game systems and game controllers in a manner that infringes at least claims 1-3, 5-8, 12 and 20 of the '047 Patent. The direct infringers of those claims that are being induced by Microsoft include, without limitation, users of the infringing products of Microsoft, including, without limitation, the XBox 360 game systems that include at least one wireless game controller as well as retailers that sell and offer for sale, among other products, the XBox 360 game systems that include at least one wireless game controller.

50.    Microsoft has also indirectly infringed and continues to indirectly infringe at least claims 1-3, 5-8, 10, 12 and 20 of the '047 Patent under 35 U.S.C. § 271(c) through, among other things, the manufacture, sale, offer for sale and importation into the United States of, among other products, its XBox 360 game systems that include at least one wireless game controller such as, without limitation, its Xbox 360 Wireless Controller and/or the Xbox 360 Wireless Racing Wheel products, which, at a minimum, are components of the patented game controller system of the '047 Patent, which constitute a material part of the patented game controller systems of the '047 Patent,

which Microsoft knows are especially made or adapted for use in an infringement of at least claims 1-3, 5-8, 10, 12 and 20 of the '047 Patent, and which are not a staple article of commerce suitable for non-infringing uses.   The direct infringers for Microsoft's contributory infringement under 35 U.S.C. § 271(c) include, among others, the end users of the infringing products of Microsoft, including, without limitation, the XBox 360 game systems that include at least one wireless game controller.

51.   Microsoft has indirectly infringed and continues to indirectly infringe at least claims 14-19 of the '047 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims.   Microsoft has had business contacts and dealings with Eleven Engineering, has been familiar with Eleven Engineering's business and its patent rights and had knowledge of the '047 Patent by at least March 31, 2006 and through its analysis of the '047 Patent by one or more of its patent attorneys during the first week of April 2006.  Microsoft has knowingly and actively induced infringement of claims 14-19 through, among other things, the sale, offer for sale and importation into the United States of, among other products, its XBox 360 game systems that include at least one wireless game controller such as, without limitation, its Xbox 360 Wireless Controller and/or the Xbox 360 Wireless Racing Wheel products, and by advertising, promoting and instructing use of such game systems and game controllers in a manner that infringes at least claims 14-19 of the '047 Patent. The direct infringers of those claims that are being induced by Microsoft include, among others, users of, among other infringing products of Microsoft, the XBox 360 game systems that include at least one wireless game controller.

52.    Microsoft has indirectly infringed and continues to indirectly infringe at least claims 14-19 of the '047 Patent under 35 U.S.C. § 271(c) through, among other things, the manufacture, sale, offer for sale and importation into the United States of, among other products, its XBox 360 game systems that include at least one wireless game controller such as, without limitation, its Xbox 360 Wireless Controller and/or the Xbox 360 Wireless Racing Wheel products, which, at a minimum, are components of the patented method of communicating between a user and an electronic game device of the '047 Patent, which constitute a material part of that patented method, which Microsoft knows are especially made or adapted for use in an infringement of at least claims 14-19 of the '047 Patent and which are not a staple article of commerce that are suitable for non-infringing uses.    The direct infringers for Microsoft's contributory infringement under 35 U.S.C. § 271(c) include, among others, the end users of the infringing products of Microsoft, including, without limitation, the XBox 360 game systems that include at least one wireless game controller.

53.    Microsoft has directly infringed and continues to directly infringe at least claims 1, 4 and 7-9 of the '062 Patent under 35 U.S.C. § 271(a) through, among other things, the manufacture, sale, offer for sale and/or importation into the United States of, among other products, its XBox 360 game systems that include at least one wireless game controller such as, without limitation, its Xbox 360 Wireless Controller and/or the Xbox 360 Wireless Racing Wheel products.

54.    Microsoft has indirectly infringed and continues to indirectly infringe at least claims 1, 4 and 7-9 of the '062 Patent under 35 U.S.C. § 271(b) by knowingly and actively inducing infringement of those claims. Microsoft has had business contacts and

23

dealings with Eleven Engineering, has been familiar with Eleven Engineering's business and its patent rights and had knowledge of the '062 Patent by at least March 31, 2006 and through its analysis of the '062 Patent by one or more of its patent attorneys during the first week of April 2006. Microsoft has knowingly and actively induced infringement of claims 1, 4 and 7-9 through, among other things, the sale, offer for sale and importation into the United States of, among other products, its XBox 360 game systems that include at least one wireless game controller such as, without limitation, its Xbox 360 Wireless Controller and/or the Xbox 360 Wireless Racing Wheel products, and by advertising, promoting and instructing use of such game systems and game controllers in a manner that infringes at least claims 1, 4 and 7-9 of the '062 Patent. The direct infringers of those claims that are being induced by Microsoft include, without limitation, users of the infringing products of Microsoft, including, without limitation, the XBox 360 game systems that include at least one wireless game controller as well as retailers that sell and offer for sale, among other products, the XBox 360 game systems that include at least one wireless game controller.

55.     Microsoft has also indirectly infringed and continues to indirectly infringe at least claims 1, 4 and 7-9 of the '062 Patent under 35 U.S.C. § 271(c) through, among other things, the manufacture, sale, offer for sale and importation into the United States of, among other products, its Xbox 360 game systems that include at least one wireless game controller such as, without limitation, its Xbox 360 Wireless Controller and/or the Xbox 360 Wireless Racing Wheel products, which, at a minimum, are components of the patented game controller system of the '062 Patent, which constitute a material part of the patented game controller systems of the '062 Patent, which Microsoft knows are

24

especially made or adapted for use in an infringement of at least claims 1, 4 and 7-9 of the '062 Patent, and which are not a staple article of commerce suitable for non-infringing uses. The direct infringers for Microsoft's contributory infringement under 35 U.S.C. § 271(c) include, among others, the end users of the infringing products of Microsoft, including, without limitation, the Xbox 360 game systems that include at least one wireless game controller.

56.   Microsoft has committed acts of infringement of the '289 Patent, the '047 Patent and the '062 Patent with full knowledge of these asserted patents and its applicability to its business from, among other things, its business contacts and dealings with Eleven Engineering, actual notice of the asserted patents by Eleven Engineering and its internal review of the asserted patents by one or more of its patent attorneys, and without having taken adequate and necessary steps to avoid infringement of the asserted patents. Even after receiving the actual notice of the asserted patents and its applicability to its business, Microsoft has failed to take necessary steps to avoid infringement of the asserted patents. Instead, Microsoft has continued to infringe the asserted patents in an objectively reckless manner, with complete disregard of Eleven Engineering's rights in the asserted patents, in violation of 35 U.S.C. § 284.

57.   Microsoft's infringement has injured Eleven Engineering, and Eleven Engineering is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

58.   Eleven Engineering has complied with all applicable provisions of 35 U.S.C. § 287 regarding marking and notice.

59. Microsoft's infringement has injured and will continue to injure Eleven Engineering, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of Microsoft's infringing products, methods, services, systems and/or technologies that fall within the scope of any of the claims of the '289 Patent, the '047 Patent and the '062 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Eleven Engineering, Inc. and Eleven Engineering Game Control LLC, respectfully request that this Court enter judgment against each of Nintendo Co., Ltd., Nintendo of America Inc., Sony Corporation, Sony Computer Entertainment, Inc., Sony Computer Entertainment America, Inc. and Microsoft Corporation, and all persons in active concert or participation with them, granting the following relief:

A.  An award of damages adequate to compensate Plaintiffs for the infringement that has occurred, together with prejudgment interest from the date the infringement began;

B.  An award to Plaintiffs of all remedies available under 35 U.S.C. §§ 284 and 285;

C.  A permanent injunction prohibiting further infringement, inducement and/or contributory infringement of the '289 Pat ent and th e '047 Patent with respect to Nintendo and Sony and the '289 Patent, the '047 Patent and the '062 Patent with respect to Microsoft, and against each of their

subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees; and,

D.      Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Eleven Engineering, Inc. and Eleven Engineering Game Control LLC demand a trial by jury on all issues so triable.

PROCTOR HEYMAN LLP

*/s/ Dominick T. Gattuso*

Kurt M. Heyman (# 3054)
E-mail:  kheyman@proctorheyman.com
Dominick T. Gattuso (# 3630)
E-mail:  dgattuso@proctorheyman.com
1116 West Street
Wilmington, DE  19801
Telephone:    (302) 472-7300
Facsimile:     (302) 472-7320

Attorneys for Plaintiffs
Eleven Engineering, Inc. and Eleven
Engineering Game Control LLC

Of Counsel:

Christopher J. Lee
clee@nshn.com
David J. Sheikh
sheikh@nshn.com
Richard B. Megley. Jr.
megleyjr@nshn.com
Kara L. Szpondowski
szpondowski@nshn.com
Laura A. Kenneally
lkenneally@nshn.com
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois 60602
Telephone:    (312) 236-0733
Facsimile:     (312) 236-3137