IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELEVEN ENGINEERING, INC. and ELEVEN ENGINEERING GAME CONTROL LLC, | )<br>)<br>)<br>) C.A. No: 09-903-JJF |
| Plaintiffs, | )<br>) |
| v. | ) DEMAND FOR JURY TRIAL<br>) |
| NINTENDO CO., LTD., NINTENDO OF AMERICA INC., SONY CORPORATION, SONY COMPUTER ENTERTAINMENT, INC., SONY COMPUTER ENTERTAINMENT AMERICA, INC., and MICROSOFT CORPORATION, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
OF SONY COMPUTER ENTERTAINMENT AMERICA INC.**

Defendant Sony Computer Entertainment America Inc. ("SCEA") for itself only hereby answers the Complaint of Plaintiffs Eleven Engineering, Inc. and Eleven Engineering Game Control LLC (collectively "Eleven Eng'g") as follows:

**NATURE OF LAWSUIT**

1. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore denies them. However, SCEA admits that Eleven Eng'g alleges a claim of patent infringement under U.S. Title 35 of the United States Code and that this Court has exclusive jurisdiction over the subject matter of such allegations under 28 U.S.C. § 1338(a).

**THE PARTIES**

2. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and therefore denies them.

3. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and therefore denies them.

4. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies them.

5. SCEA admits that Sony Corporation is a Japanese corporation with a place of business at 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan. SCEA also admits that Sony Computer Entertainment Inc. is a Japanese corporation with a place of business at 2-6-21, Minami Aoyama, Minato-ku, Tokyo 107-0062, Japan. SCEA further admits that it is a Delaware corporation with a place of business at 919 East Hillsdale Boulevard, Foster City, California, 94404. SCEA denies the remaining allegations of paragraph 5.

6. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and therefore denies them.

**ELEVEN ENGINEERING WIRELESS GAME CONTROL PATENTS**

7. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore denies them.

8. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies them.

9. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore denies them.

**JURISDICTION AND VENUE**

10. SCEA denies the allegations of paragraph 10.

11. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore denies them.

RLF1 3548760v.1

12. SCEA denies the allegations of paragraph 12. However, SCEA admits that it is a Delaware corporation and that it has marketed and sold PlayStation 3 computer entertainment systems and controllers in the United States.

13. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and therefore denies them.

14. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore denies them.

## PATENT INFRINGEMENT BY SONY[1]

15. SCEA denies the allegations of paragraph 15.

16. SCEA denies the allegations of paragraph 16.

17. SCEA denies the allegations of paragraph 17.

18. SCEA denies the allegations of paragraph 18.

19. SCEA denies the allegations of paragraph 19.

20. SCEA denies the allegations of paragraph 20.

21. SCEA denies the allegations of paragraph 21.

22. SCEA denies the allegations of paragraph 22.

23. SCEA denies the allegations of paragraph 23.

24. SCEA denies the allegations of paragraph 24.

25. SCEA denies the allegations of paragraph 25.

26. SCEA denies the allegations of paragraph 26.

---

[1] SCEA has incorporated all of the section headings of plaintiffs' complaint herein solely for the purpose of facilitating readability of the pleadings. To the extent that any of the section headings might be construed to be an allegation, SCEA herein denies each of them.

27. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies them.

28. SCEA denies the allegations of paragraph 28.

## **PATENT INFRINGEMENT BY NINTENDO**

29. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and therefore denies them.

30. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and therefore denies them.

31. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and therefore denies them.

32. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and therefore denies them.

33. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore denies them.

34. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and therefore denies them.

35. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and therefore denies them.

36. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and therefore denies them.

37. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and therefore denies them.

38. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and therefore denies them.

RLF1 3548760v.1

39. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore denies them.

40. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 and therefore denies them.

41. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and therefore denies them.

42. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and therefore denies them.

## **PATENT INFRINGEMENT BY MICROSOFT**

43. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and therefore denies them.

44. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and therefore denies them.

45. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and therefore denies them.

46. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and therefore denies them.

47. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 and therefore denies them.

48. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 and therefore denies them.

49. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and therefore denies them.

...

50. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 and therefore denies them.

51. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 and therefore denies them.

52. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 and therefore denies them.

53. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 and therefore denies them.

54. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 and therefore denies them.

55. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 and therefore denies them.

56. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 and therefore denies them.

57. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 and therefore denies them.

58. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 and therefore denies them.

59. SCEA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 and therefore denies them.

RLF1 3548760v.1

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE
### (Noninfringement)

60. SCEA has not directly infringed any claim of U.S. Patent Nos. 6,238,289 ('the '289 Patent") and 6,346,047 ('the '047 Patent").

61. SCEA has not contributed to infringement of any claim of the '289 Patent or the '047 Patent.

62. SCEA has not induced infringement of any claim of the '289 Patent or the '047 Patent.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

63. The claims of the '289 Patent and the '047 Patent are invalid under 35 U.S.C. §§ 102, 103 and/or 112.

### THIRD AFFIRMATIVE DEFENSE
### (Laches)

64. On information and belief, Eleven Eng'g has been, or should have been, aware of SCEA's accused activities and products for a number of years, and thus, has unreasonably and inexcusably delayed filing suit for alleged infringement against SCEA. Eleven Eng'g's delay in filing suit has caused material prejudice to SCEA. As a result, Eleven Eng'g is barred under the doctrine of laches from recovering any compensation or remedy for alleged infringement by SCEA.

### FOURTH AFFIRMATIVE DEFENSE
### (Improper Venue)

65. Venue is not proper in this Court with respect to SCEA.

## FIFTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

66. SCEA's accused products do not infringe the '289 Patent or the '047 Patent based on the doctrine of prosecution history estoppel. During prosecution of the applications that matured into the '289 Patent and the '047 Patent, the applicant made amendments and arguments in order to obtain allowance of the '289 Patent and the '047 Patent. The public, including SCEA, is entitled to rely on such amendments and arguments. As a result of these amendments and arguments, Eleven Eng'g is estopped from asserting the claims of the '289 Patent and the '047 Patent against SCEA's products.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure To Mark)

67. Eleven Eng'g is not entitled to recover damages due to the failure of it and its predecessors or licensees to mark products made by or for them or sold by or for them, or to otherwise provide notice prior to filing of this action in accordance with the provisions of 35 U.S.C. § 287(a).

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure To State A Claim Upon Which Relief Can Be Granted)

68. The Complaint fails to state a claim upon which relief can be granted against SCEA.

## EIGHTH AFFIRMATIVE DEFENSE
### (Estoppel)

69. Eleven Eng'g through misleading conduct has led the alleged infringers, including SCEA, to reasonably infer that Eleven Eng'g did not intend to enforce the patent against the alleged infringers, including SCEA. SCEA relied on that conduct. Due to SCEA's reliance, SCEA will be materially prejudiced if Eleven Eng'g is allowed to proceed with a claim of patent infringement.

## COUNTERCLAIMS

70. SCEA alleges as follows for its counterclaims against Eleven Engineering, Inc. and Eleven Engineering Game Control LLC:

71. SCEA is a Delaware corporation having a place of business at 919 East Hillsdale Blvd., Foster City, CA 94404.

72. On information and belief, SCEA alleges that Eleven Engineering, Inc. is a Canadian Corporation with a principal place of business at 10150-100 Street, Suite 900, Edmonton, Alberta Canada.

73. On information and belief, SCEA alleges that Eleven Engineering Game Control LLC is a Delaware limited liability company with a principal place of business at 767 Third Avenue, New York, NY 10017.

74. Jurisdiction for these counterclaims is proper under 28 U.S.C. §§ 1338(a), 2201 and 2202.  Venue for these counterclaims is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

## FIRST COUNTERCLAIM
### (Declaratory Judgment Of Noninfringement)

75. SCEA repeats and re-alleges the previous paragraphs 1-74 as if set forth herein.

76. There is an actual and continuing controversy between SCEA and Eleven Eng'g regarding the alleged infringement of the claims of the '289 Patent and the '047 Patent.

77. SCEA has not infringed any claim of the '289 Patent or the '047 Patent.

## SECOND COUNTERCLAIM
### (Declaratory Judgment Of Invalidity)

78. SCEA repeats and re-alleges the previous paragraphs 1-77 as if set forth herein.

79. There is an actual and continuing controversy between the SCEA and Eleven Eng'g regarding the alleged infringement and invalidity of the '289 Patent and the '047 Patent claims.

80. The claims of the '289 Patent and the '047 Patent are invalid under 35 U.S.C. §§ 102, 103 and/or 112.

### THIRD COUNTERCLAIM
### (Declaratory Judgment Of An Exceptional Case – 35 U.S.C. § 285)

81. SCEA repeats and re-alleges the previous paragraphs 1-80 as if set forth herein.

82. For the reasons alleged above, Eleven Eng'g brought this action with wrongful intent, or at least gross negligence, and with knowledge that the accused SCEA products do not infringe any valid claim of the '289 Patent or of the '047 Patent.

83. For the reasons alleged above, Eleven Eng'g brought this action with wrongful intent, or at least gross negligence, and with knowledge that the claims of the '289 Patent and the '047 Patent are invalid under 35 U.S.C. §§ 102, 103 and/or 112.

84. The lack of merit and support for Eleven Eng'g's infringement allegations, and its assertion of patent claims known to be invalid, render this an exceptional case under 35 U.S.C. § 285, thus warranting an award of reasonable attorney fees and costs to SCEA.

### PRAYER FOR RELIEF

WHEREFORE, SCEA respectfully requests the following relief:

A. Dismissal of the Complaint with prejudice, granting SCEA's affirmative defenses and SCEA's counterclaims and denying each request for relief made by Eleven Eng'g;

B. A declaration in favor of SCEA that:

  i. No claim of the '289 Patent and the '047 Patent, or any of them, is infringed by SCEA;

    ii.  Each of the claims of the '289 Patent and the '047 Patent are invalid; and

    iii.  Eleven Eng'g shall obtain no relief from the allegations in its Complaint, and the Complaint is dismissed with prejudice;

  C.  An award to SCEA of compensatory damages on its counterclaims;

  D.  An award to SCEA of its reasonable attorney fees and costs pursuant to 35 U.S.C. § 285; and

  E.  Such other and further relief that this Court deems just and proper.


|  |  |
|---|---|
| Of Counsel:<br>Gregory S. Gewirtz<br>Andrew T. Zidel<br>Lerner, David, Littenberg, Krumholz & Mentlik, LLP<br>600 South Avenue West<br>Westfield, NJ 07090<br>(908) 518-6343 | /s/ Steven J. Fineman<br>Steven J. Fineman (#4025)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>Fineman@rlf.com<br>Attorneys for Defendant Sony Computer Entertainment America, Inc. |

Dated: March 15, 2010

## **CERTIFICATE OF SERVICE**

        I hereby certify that on March 15, 2010, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served by electronic mail:

| | |
|---|---|
| Kurt M. Heyman, Esquire<br>Dominick T. Gattuso, Esquire<br>Proctor Heyman LLP<br>1116 West Street<br>Wilmington, DE 19801 | Thomas C. Grimm, Esquire<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899 |

Tara D. Elliott, Esquire
Fish & Richardson, P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114

                                                     /s/ Steven J. Fineman
                                        Steven J. Fineman (#4025)
                                        fineman@rlf.com